On Return to Remand

McMILLAN, Judge.
This cause was remanded to the trial court with instructions that the court conduct a Batson hearing to determine whether the defendant, Carvin Stargell, had established a prima facie case of racial discrimination based on grounds other than “mere numbers.” See Ex parte Thomas, 659 So.2d 3 (Ala.1994). The trial court was further instructed to require the prosecution to give its reasons for its strikes if a prima facie showing was made.
On return to remand, the trial court complied with those instructions and issued the following order:
“In considering this issue, the court finds as follows:
“(1) The defendant is a member of a cognizable racial group.
“(2) The prosecutor used peremptory challenges to remove black jurors from the venire.
*1363 “(3) Peremptory challenges constitute a jury selection practice that permits those to discriminate, who are of a mind to discriminate.
“(4) Skilled but racially biased attorneys can manipulate not only the strike process but the voir dire questions themselves in order to improperly rid the jury of persons based on race.
“(5) It is the duty of the court to supervise the jury selection process and the court is authorized to conduct a Batson hearing if it appears that peremptory challenges were used in a racially discriminatory manner even if no objection, is raised by either side.
“(6) In the performance of this duty the court evaluates circumstances that would suggest that jurors are being excluded on the basis of race. Questions that appear designed to create a pretext for a peremptory challenge are noted as are juror responses that by objective test justify a peremptory challenge.
“The record in this case reflects that the 86 person venire from which this jury was selected included 9 black jurors. The State exercised 4 of its 12 peremptory challenges to remove blacks from the jury. In deciding that the Defendant had failed to make out a prima facie case, a number of factors were considered and while generally referred to on the record were not specifically stated by the court. These include the following: Voir dire was not perfunctory. It took about one and a half days and comprised over 325 pages of the record in this case. The only fact Stargell relied upon was that the prosecution had used 4 peremptory strikes to remove blacks from the jury. Questions asked by the prosecution elicited answers that provided an objective basis for the exercise of a peremptory challenge that was race neutral. Examples of this are that juror 50, a black female, answered that she felt that a higher burden of proof should apply in capital cases than in other criminal eases and juror 197 answered that she had attended church with counsel for the defendant and he was a lay preacher at her church.
“The court found no evidence that the questions were couched in such a way as to elicit answers that would create a pretext.”
Based on the record before us, including the personal observations of the trial judge, as stated in his order, we conclude that the trial judge was correct in finding no prima facie showing of racial discrimination on the part of the State.
The judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.