BURKE, Judge.
The State of Alabama appeals the circuit court’s decision to grant Carvin Stargell’s petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he attacked his sentence of life imprisonment 'without the possibility of parole imposed for his 1993 capital-murder conviction. Stargell appealed his conviction and the resulting sentence. This Court initially remanded the case to the circuit court, ordering the court to hold a Batson[1] hearing, but affirmed his conviction and sentence on return to remand on June 16, 1995. See Stargell v. State, 672 So.2d 1362 (Ala.Crim.App.1995).
Stargell, through counsel, filed this, which appears to be his second,[2] Rule 32 petition on June 17, 2013. In his petition, Stargell argued that because he was- 17 years old at the time of the crime, his mandatory sentence of life imprisonment without the possibility of parole for his capital-murder conviction was unconstitutional. Specifically, he argued that the United States Supreme Court’s recent opinion in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), in which the Supreme Court held unconstitutional a statutory sentencing *239 scheme mandating a sentence of life imprisonment without the possibility of parole for juvenile offenders, requires that he be given a new sentencing hearing. The State filed a motion to dismiss Stargell’s petition on or about July 9, 2013, arguing that Stargell’s claim was precluded by Rules 32.2(a)(3), (a)(5), and (b), and that Miller does not apply retroactively to cases on collateral review. On July 10, 2013, Stargell filed a reply to the State’s response, arguing that Miller does apply retroactively on collateral review, that his petition was not procedurally barred under Rule 32.2, and that his petition was sufficiently pleaded. On September 20, 2013, the circuit court issued an order partially granting Stargell’s. petition. In its order, the circuit court stated that the case “shall be set by separate order-for a resentenc-ing hearing. The parties shall be prepared to address[] the factors used in sentencing a juvenile convicted of a capital offense” as set out in Miller and Ex parte Henderson, 144 So.3d 1262, 1283 (Ala.2013). (C. 61.) This appeal followed.
The facts in this case are not in dispute, and the question before this Court on appeal — whether the rule announced in Miller is retroactive — is a purely legal one. Therefore, we apply a de novo standard of review. See Acra v. State, 105 So.3d 460, 464 (Ala.Crim.App.2012).
On appeal, the State reasserts the claims from its motion to dismiss and again argues that Stargell’s claim was precluded by Rules-32.2(a)(3), (a)(5), and (b), and that Miller does not apply retroactively to cases on collateral review.
In Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), this Court addressed and rejected the same arguments made by Stargell in his Rule 32 petition. Specifically, this Court held in Williams (1) that a postconviction claim that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile is unconstitutional under Miller is not a valid ground for postconviction relief under Rule 32.1(b). or Rule 32.1(c), but is a constitutional claim properly raised only under Rule 32.1(a);, and (2) that Miller does not apply retroactively to cases on collateral review. 183 So.3d at 218.
’ Under this Court’s holding in Williams, Stargell was not entitled to relief on his challenge to his sentence of life imprisonment without the possibility of parole.
For the reasons stated above, the circuit court erred in finding that Stargell was entitled to be resentenced under Miller. Accordingly, we reverse the circuit court’s judgment and remand this case to the Jefferson Circuit Court for proceedings consistent with this opinion.
REVERSED AND REMANDED..
WINDOM, P. J., and WELCH, KELLUM, and JOINER, JJ., concur.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. Stargell filed his first petition in December 1997, which the circuit court summarily dismissed. This Court affirmed the order of dismissal on appeal in an unpublished memorandum. Stargell v. State (No. CR-97-1392), 741 So.2d 489 (Ala.Crim.App.1998) (table).